## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAR DAVIS,** | : | **CIVIL ACTION NO. 1:23-CV-459** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **FEDERAL BUREAU** | : | |
| **OF PRISONS,** *et al.* | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a prisoner civil rights case pursuant to <u>Bivens v. Six Unknown Named</u> <u>Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  We have screened the case under 28 U.S.C. § 1915A and will dismiss it without further leave to amend.

### I.    Factual Background & Procedural History

On December 12, 2022 and December 24, 2022, plaintiff, Jamar Davis, filed letters to the United States District Court for the Southern District of New York complaining about mistreatment by prison officials employed by the United States Bureau of Prisons ("BOP").  (Doc. 1).  The Southern District of New York construed the letters as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and transferred the petition to this district because Davis was confined in Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania.  (Doc. 3).

Following the transfer, this court issued an order on March 31, 2023, noting that it was unclear whether the letters were properly construed as a habeas corpus petition or a civil rights action pursuant to <u>Bivens</u>.  (Doc. 8).  We accordingly ordered Davis to "file an amended pleading in the form of a complaint or a petition

for writ of habeas corpus that contains a demand for the relief [he] is seeking." (Id.) Davis responded to the court's order on April 8, 2023. (Doc. 9). His response stated that he was seeking $100 million in damages but did not allege any facts to support his claim for relief or name any defendants. (Id.)

Based on Davis's request for damages, we issued an order on May 2, 2023 concluding that the case was properly construed as a civil rights action rather than a habeas corpus petition. (Doc. 10). Because Davis had only paid the $5 filing fee applicable to habeas corpus petitions rather than the $402 filing fee applicable to other civil cases, the court ordered Davis to pay the $397 remainder of the applicable filing fee. (Id.) Davis paid the balance of the filing fee on May 31, 2023.

On June 2, 2023, the court stated that litigation of the case as a civil rights action could proceed in light of the payment of the filing fee, but noted that Davis had not yet filed a complaint that complied with the Federal Rules of Civil Procedure given that his April 8, 2023 filing had not alleged any facts in support of his claim for $100 million and had not named any defendants. (Doc. 12). We accordingly ordered Davis to file a complaint on or before July 2, 2023. (Id.)

On July 11, 2023, the court received a notice of change of address from Davis, which stated that he had been transferred to Florence United States Penitentiary ("USP-Florence") in Florence, Colorado approximately a month earlier. (Doc. 14). Concluding that Davis might not have received the previous order, the court *sua sponte* extended the deadline to file a complaint to August 11, 2023. (Doc. 15).

Davis responded to the court's order with an untitled document that he signed on August 8, 2023 and that the court received and docketed on August 15,

2023.  (Doc. 16).  In the body of the document, Davis refers to it as "an amended

pleading in the form of a complaint/petitioner [sic] for writ of habeas corpus that

contains a demand for compensation."  (Id. at 1).  The court liberally construes this

filing as an amended complaint and will screen it pursuant to 28 U.S.C. § 1915A.

## II.    Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a

complaint in a civil action in which a prisoner seeks redress against a governmental

employee or entity.  See 28 U.S.C. § 1915A.[1]  The court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).

## III.    Discussion

Davis's amended complaint does not comply with the pleading requirements

of Federal Rule of Civil Procedure 8, which requires complaints to provide "a short

and plain statement of the claim showing that the pleader is entitled to relief."  FED.

---

[1] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
　　**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
　　**(2)** seeks monetary relief from a defendant who is immune from such relief.

R. Civ. P. 8(a)(2).  The court cannot discern any basis for relief from the amended complaint.

The amended complaint, which is largely written in a single sentence lasting several pages with very little punctuation and copious underlining and parentheses added in black ink, contains numerous seemingly unconnected complaints about plaintiff's incarceration over several years.  Among many other things, the complaint mentions: (1) a cell search that occurred while he was incarcerated in FCI-Beckley in West Virginia in 2018; (2) a fight that he had with another inmate in 2021; (3) prison officials' alleged failure to respond to an asthma attack he had in 2021; (4) an altercation that he had with a cellmate in 2022; (5) confiscation of his personal property in February 2022; (6) prison officials' failure to respond to a "mental breakdown" that he had while incarcerated at USP-Allenwood in 2022; (7) an assault by a correctional officer in July 2022; (8) a series of fights between Davis and several other inmates supposedly orchestrated by prison officials in 2022; (9) confiscation of an address book from his cell; (10) denial of his request for compassionate release; and (11) denial of soap, toothpaste, and deodorant while he was incarcerated in USP-Florence.  (See generally Doc. 16).

It is nearly impossible to determine what facts are alleged with respect to any of these incidents—Davis fails to name any defendants, fails to allege dates on which many of the incidents occurred, fails to allege which prison he was in when many of the incidents occurred, and fails to allege any supporting facts with respect to nearly all the incidents.  And even when such facts are alleged, they are prohibitively difficult to understand because they are written in pages-long

sentences with little or no punctuation and underlining and parentheses added in black ink that confound the reader.  Hence, we will dismiss the amended complaint because it fails to provide a short and plain statement of Davis's claims showing that he is entitled to relief.  FED. R. CIV. P. 8(a)(2).

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  We will deny leave to amend as futile.  Davis has had numerous opportunities to file a complaint that complies with the Federal Rules of Civil Procedure but has repeatedly failed to do so.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that leave to amend may be denied based on plaintiff's "repeated failure to cure deficiencies by amendments previously allowed").

## IV.   Conclusion

We will dismiss the amended complaint without further leave to amend pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    August 25, 2023